937 F.2d 603
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Darrell SMITH, Guyan Oil Company, Incorporated, a West
Virginia Corporation, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-3514.
 United States Court of Appeals, Fourth Circuit.
 Argued May 6, 1991.
Decided July 17, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Charles H. Haden, II, Chief District Judge. (CA-89-883-3)
 Mark Lewis Garren, Garren, Plymale, Lycan & Pratt, L.C., Huntington, W.Va., for appellants.
 Mary Frances Clark, Tax Division, United States Department of Justice, Washington, D.C. (Argued), for Appellee; Shirley D. Peterson, Assistant Attorney General, Gary R. Allen, David English Carmack, Tax Division, United States Department of Justice, Washington, D.C., Michael W. Carey, United States Attorney, Charleston, W.Va., on brief.
 S.D.W.Va.
 AFFIRMED.
 Before PHILLIPS, Circuit Judge, CHAPMAN, Senior Circuit Judge, and RICHARD B. KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiff-appellants Darrell Smith and Guyan Oil Co. (collectively, "Guyan") instituted this action in the United States District Court for the Southern District of West Virginia seeking a refund of windfall profit taxes paid to the Internal Revenue Service ("IRS" or "the government") by Pennzoil Oil Company ("Pennzoil"). The government moved to dismiss Guyan's complaint, and the district court granted the motion by ruling, first, that the suit for review of the denial of Guyan's 1982 claim had not been brought within the statute of limitations and, second, that Guyan had no standing to maintain a suit for refund of the windfall profit taxes already paid. Guyan appeals, and we affirm.
 
 I.
 
 2
 Guyan is the holder of a 29% interest in a mineral leasehold in property in West Virginia.[1] Guyan and the various owners of the mineral interests sold oil extracted from the property to Pennzoil. Pursuant to 26 U.S.C. Sec. 4995(a)(1), Pennzoil remitted an amount to the IRS to cover windfall profit taxes. On February 2, 1982, Guyan filed claims for refund of windfall profit taxes for tax years 1980 and 1981 as well as the period from January--May 31, 1982. On September 1, 1983, the IRS sent Guyan a notice of disallowance for the refund claim for 1982 because it was filed on the incorrect form. On September 14, 1983, Guyan refiled the claim using the proper form.
 
 
 3
 On July 21, 1987, the IRS awarded Guyan a partial allowance (29% of the taxes paid) for the years 1980, 1981, and 1982. The IRS ruled that, since Guyan owned 29% of the leasehold, it was entitled to 29% of the windfall profit tax paid by Pennzoil. Guyan and Darrell Smith, the executor of the deceased president of Guyan Oil Company, then filed this suit on July 20, 1989 seeking refund of all windfall profit taxes paid by Pennzoil. The government filed a motion to dismiss Guyan's complaint on the grounds that "the refund claim for 1982 is barred by the statute of limitations and that the plaintiffs are not the proper parties." The district court granted the government's motion to dismiss by ruling, first, that the suit for review of the denial of Guyan's 1982 claim had not been brought within the statute of limitations and, second, that Guyan had no standing to maintain a suit for refund of the additional 71% of the windfall profit taxes. Guyan and Smith now appeal.
 
 
 4
 The sole issue presented on this appeal is whether the district court erred in granting the government's motion to dismiss. We find that Guyan lacked standing to bring this suit, and we therefore affirm the district court's grant of the government's motion to dismiss.
 
 II.
 
 5
 The constitutional test for standing is "whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on its behalf." Warth v. Seldin, 422 U.S. 490, 498 (1975) (emphasis in original), quoting Baker v. Carr, 369 U.S. 186, 204 (1962). Furthermore, a plaintiff must establish that its claim rests on a legally protected interest and a "distinct and palpable injury to himself." Id. at 501.
 
 
 6
 The windfall profit tax is imposed upon the "producer" of crude oil, 26 U.S.C. Sec. 4986(b), and a "producer" is defined as the "holder of the economic interest with respect to the crude oil." 26 U.S.C. Sec. 4996(a)(1)(A). Thus, in the instant case, Guyan was a producer with a 29% interest in the oil produced.[2] The various other parties to whom Guyan sold interests in the leasehold were also producers. Even though the producer is responsible for the tax, 26 U.S.C. Sec. 4986(b), he does not typically pay the tax. Instead, the tax is paid by the "first purchaser" by withholdings from the purchase price. 26 U.S.C. Sec. 4995(a)(1). The "first purchaser" is the first party who purchases production of the oil. 26 C.F.R. Sec. 51.4996-1(a). Pennzoil, as the first purchaser in this case, paid windfall profit taxes on behalf of Guyan and the other producers who held a leasehold interest.
 
 
 7
 Generally, a claim for refund of taxes paid must be filed by the taxpayer. 26 C.F.R. Sec. 301.6402-2(a)(1). Since the windfall profit tax is actually imposed on the producer of oil, it is the producer who is deemed to have paid the tax. 26 U.S.C. Sec. 4995(a)(4)(A). Thus, even though it was Pennzoil that paid the taxes in this case, the taxpayers for the purposes of the windfall profit tax are Guyan and the other producers holding an economic interest in the leasehold. Any refund due for windfall profit taxes collected by the government therefore can only be paid to the producers according to their pro rata share. Guyan has obtained the refund allocable to its interest in the leasehold, and the proper persons to claim the remaining 71% of the refund are the remaining producers, not Guyan. Since Guyan is neither the taxpayer nor the fiduciary of any of the other producers, it lacks the proper standing to seek a refund due those parties holding the remaining interest in the leasehold. Accordingly, we find that the district court was correct in granting the government's motion to dismiss.
 
 III.
 
 8
 For the foregoing reasons, the district court's grant of the government's motion to dismiss is
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 At one point, Guyan owned the entire leasehold interest, but, between 1975 and 1978, it sold 71% of this interest to other investors
 
 
 [2]
 Guyan has argued on appeal that it is entitled to a refund because it was the agent for the other producers. Internal Revenue Regulations, however, provide that, if the claimant is an agent claiming refund on behalf of the assessed taxpayer, a power of attorney must be provided. 26 C.F.R. Sec. 301.6402-2(a). In filing for the refund at issue in this case, Guyan did not properly identify itself as an agent for a third party. Guyan has also argued that it is entitled to a refund on its own behalf because the other producers assigned their interests to Guyan. We find, however, that the district court correctly determined that the other producers, regardless of exactly what type of interest they may have authorized Guyan to transfer, retained an overriding royalty interest in the right to a refund for tax years 1980, 1981, and 1982. Guyan has presented nothing on appeal to establish that this factual finding is clearly erroneous